UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
VITALITY LAND HOLDINGS, LLC,        )
et al.,                             )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   C.A. No. 24-110 WES
                                    )
LOAN FUNDER LLC, SERIES 44501,      )
et al.,                             )
                                    )
        Defendants.                 )
_____)

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Plaintiffs bring this suit to nullify a loan agreement with Defendants and to recover on allegedly unlawful interest rate charges. Verified Compl. 7-12, ECF No. 1-1. Pending before the Court is Defendants' Motion to Dismiss, ECF No. 4. Because the loan agreement contains a forum-selection clause requiring Plaintiffs to bring any lawsuit related to it in a court located within the state of New York, the Court GRANTS Defendants' Motion.

### I. BACKGROUND

In 2022, Plaintiffs Vitality Land Holdings, LLC, Gianfranco Marrocco, Carlos Tobon, Alejandra Tobon, and Juan Uriona wanted to rehabilitate real property that they owned. Verified Compl. 1-2. So they agreed to a construction loan with Defendants Loan Funder LLC, Series 44501 and Roc360, LLC. Id. at 2. The loan agreement

has both a choice-of-law clause and a forum-selection clause. Verified Compl. Ex. A, at 24-25. The former states that New York law governs the loan agreement with minor exceptions. Id. at 24. The latter provides that, in the event of a potential dispute, any lawsuit related to the loan "shall be instituted in any federal or state court in New York." Id.

In short order, that potential dispute became real. Verified Compl. 4-7. The parties disagreed about the interest rate charged by Defendants on the loan. Id. Plaintiffs eventually "notified Defendants that the parties' purported choice to apply the law of New York to the Loan was ineffective," and the agreement was "usurious and void" under Rhode Island law. Id. at 6.

Plaintiffs then filed suit in Rhode Island Superior Court. See id. at 1. Their claims all relate to this dispute. Id. at 7-12. Defendants removed the case to this Court based on diversity of citizenship. Notice of Removal 2-3, ECF No. 1.

**II. DISCUSSION**

Defendants move to dismiss Plaintiffs' claims under Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss 1, ECF No. 4. They argue that, under the forum-selection clause, Plaintiffs may sue them only in a court located within the state of New York. Mem. L. Supp. Mot. Dismiss Pursuant FRCP 12(b)(3) & FRCP 12(b)(6) ("Defs.' Mem.") 3-4, ECF No. 4. They also contend that Plaintiffs fail to plead facts sufficient to

2

recover under the relevant statutes. Id. at 8-11. Because the Court resolves Defendants' Motion based on the forum-selection clause, it does not address any other argument.

**A. Threshold Issues**

To begin, Plaintiffs say that Defendants did not properly raise their forum-selection defense. Pls.' Mem. Supp. Obj. Mot. Dismiss ("Pls.' Resp.") 23, ECF No. 5. They point out that forum-selection clauses cannot be enforced under Rule 12(b)(3). Id. (citing Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013)).

But defendants in this Circuit may raise a forum-selection defense "under the aegis of Rule 12(b)(6)." Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 30 (1st Cir. 2022) (first citing Atl. Marine, 571 U.S. at 61 & n.4; then citing Rivera v. Kress Stores of P.R., Inc., 30 F.4th 98, 102 (1st Cir. 2022); and then citing Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 & n.3 (1st Cir. 2014)). And Defendants here invoke both Rules 12(b)(3) and 12(b)(6), making no distinction between them. See Mot. Dismiss 1; Defs.' Mem. 1. The Court will therefore consider Defendants' forum-selection defense.

Another threshold question awaits: Should the Court use federal or state law to decide whether to enforce the forum-selection provision? Rivera, 30 F.4th at 102 (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Neither the Supreme

3

Court nor the First Circuit has answered that question. Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc., 997 F.3d 367, 374 (1st Cir. 2021) (citing Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 92 (1st Cir. 2010)). The Court need not dive too deep into that thorny question, because it does not see a conflict between the federal test and the Rhode Island test and because Plaintiffs themselves use the federal test. See Rivera, 30 F.4th at 102 (citing Borden v. Paul Revere Life Ins., 935 F.2d 370, 375 (1st Cir. 1991)); Greenwich Bus. Cap., LLC v. Desrosiers, No. KC-2023-1056, 2024 WL 5047396 at *3 (R.I. Super. Ct. Dec. 6, 2024) (citing Emps. Mut. Cas. v. Michael Weinig, Inc., No. P.C. 2003-4115, 2004 WL 1351352, at *4 (R.I. Super. May 14, 2004)); Pls.' Resp. 24-28. Thus, the Court will use the federal test.

**B. Defendants' Forum-Selection Defense**

Now to the merits. The Court must assess the forum-selection clause here to decide whether it: (1) mandates litigation in New York, or merely permits litigation there, (2) covers the claims at issue, and (3) merits enforcement. Atlas Glass & Mirror, 997 F.3d at 374-75 (first citing Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009) ("Centro Médico de Turabo"); and then citing Claudio-De León, 775 F.3d at 47-48).

Plaintiffs, meeting the forum-selection clause face-to-face, argue that it must stand aside. Pls.' Resp. 23-28. They first

4

bring a textual argument: that the clause does not mandate that they litigate their claims in New York. Id. at 23-24. And they also make a policy argument: that even if the clause does so mandate, it does not merit enforcement because that would "likely" lead to an outcome contrary to Rhode Island's public policy. Id. at 24. Because Plaintiffs do not contest that the clause covers their claims, the Court finds that it does without separate analysis.

### 1. Plaintiffs' Textual Argument

A forum-selection clause mandates that litigation occur in a particular forum when it "dictates the exclusive forum for litigation." Rivera, 30 F.4th at 103 (quoting 17 James W. Moore, Moore's Federal Practice § 111.04 (3d ed. 2021)). In contrast, a forum-selection clause merely permits litigation to occur in that forum when it allows for personal jurisdiction there without excluding litigation elsewhere. Id. (citing 17 Moore's Federal Practice § 111.04).

The forum-selection clause at issue here states:

> Jurisdiction. At Lender's election, to be entered in its sole discretion, any legal suit, action or proceeding against Borrower or Lender arising out of or relating to this [loan agreement] shall be instituted in any federal or state court in New York, and Borrower waives any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding, and hereby irrevocably submits to the jurisdiction of any such court in any suit, action or

5

proceeding.

Verified Compl. Ex. A, at 24.  Plaintiffs argue that this text does not mandate that they litigate their claims in New York. Pls.' Resp. 23-26.  They claim that Defendants "merely reserved an 'election' . . . that any action 'be instituted' in New York." Id. at 26.  They allege that Defendants "did not so elect" because they (1) did not raise the forum issue in pre-lawsuit discussions with Plaintiffs, (2) removed the case to this Court, and (3) still "have not voiced their 'election,' although such election has undoubtedly been waived."  Id.  Plaintiffs also say that the text does not contain "a negative exclusion of jurisdiction in other courts."  Id. at 25 (quoting Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson Inc., 201 F.3d 15, 18-19 (1st Cir. 2000)).

Because "the forum-selection provision is a creature of contract," the Court interprets it using "'common-sense canons of contract interpretation' and general principles of contract law." Rivera, 30 F.4th at 103-04 (quoting Smart v. Gillette Co. Long-Term Disability Plan, 70 F.3d 173, 178 (1st Cir. 1995)) (collecting cases).  "[C]ontracts containing unambiguous language must be construed according to their plain and natural meaning."  Id. at 104 (quoting Smart, 70 F.3d at 178).

The forum-selection clause here, while long, divides neatly into two parts: a prefatory clause and an operative clause.  "The former does not limit the latter grammatically, but rather

6

announces a purpose." District of Columbia v. Heller, 554 U.S. 570, 577 (2008). The prefatory clause "both sets forth the object of [the entire provision] and informs the meaning of the remainder of its text." Id. at 643 (Stevens, J., dissenting). The clause, "[a]t Lender's election, to be entered in its sole discretion" announces an intent to restrict the right to enforce the entire provision to the lender only. It makes no mention of a time waiver. This aligns with the general purpose of forum-selection clauses, which "is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved." Claudio-De León, 775 F.3d at 47. Plaintiffs' interpretation of this clause, reading in a time requirement, cuts against the clear text of the prefatory clause and the purpose of forum-selection provisions generally. It also disregards Circuit precedent that a "motion to dismiss based on a forum-selection clause may be raised at any time in the proceedings before disposition on the merits." Id. at 49 (quoting Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 388 (1st Cir. 2001)). The Court therefore rejects Plaintiffs' contention that Defendants waived the right to raise this provision.

The Court next turns to the operative clause. It states, in relevant part, that "any legal suit, action or proceeding against Borrower or Lender arising out of or relating to this [loan agreement] shall be instituted in any federal or state court in

7

New York."  This clause, by using the word "shall," leaves "no doubt" that it mandates an exclusive forum for litigation. Claudio-De León, 775 F.3d at 46-47 (first citing Jama v. Immigr. & Customs Enf't, 543 U.S. 335, 346 (2005); then citing Centro Médico de Turabo, 575 F.3d at 17 n.5; and then citing Black's Law Dictionary 1585 (10th ed. 2014)).  And that forum is New York.

### 2. Plaintiffs' Policy Argument

The Court must next decide whether to enforce the forum-selection clause, bearing in mind that it is "presumptively enforceable."  Amyndas Pharms., 48 F.4th at 33 (citing Claudio-De León, 775 F.3d at 48).  The Court can decline to enforce the provision if:

> the clause derives from "fraud or overreaching"; enforcing the clause "would be unreasonable and unjust"; "proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court"; [or] enforcing the clause would "contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

Id. (quoting Claudio-De León, 775 F.3d at 48-49).

In cursory fashion, Plaintiffs argue that enforcing the clause would contravene public policy in Rhode Island because it will "likely trigger application of New York law."  Pls.' Resp. 27.  This outcome, they say, "would be contrary to Rhode Island's fundamental policy against usurious loans."  Id.

Plaintiffs' argument falls short.  For one, it does not raise

8

any Rhode Island public policy against forum-selection provisions. Rather, it cites a Rhode Island Supreme Court case showing a policy against Rhode Island courts enforcing choice-of-law provisions that negotiate around Rhode Island's usury laws. See id. at 27-28 (citing Com. Park Realty, LLC, v. HR2-A Corp., 253 A.3d 1258, 1267 (R.I. 2021)). Rhode Island may well also refuse, on public policy grounds, to enforce forum-selection provisions if the chosen forum would apply weaker usury laws. But Plaintiffs fail to make the case. They provide no cases, evidence, or additional argument in support. The Court could deny Plaintiffs' argument for that reason alone. See Atlas Glass & Mirror, 997 F.3d at 377 ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990))).

Yet Plaintiffs' argument also fails because it is legally flawed. The argument assumes that all courts in New York will give less consideration to Plaintiffs' arguments about the choice-of-law clause than will any court in Rhode Island. Simply stated, it assumes that New York is hostile territory.

But that assumption does not bear weight. Plaintiffs again provide no cases, evidence, or additional argument in support. And Plaintiffs can bring their suit in federal court in New York,

9

if they worry about New York state courts. That concern is, arguably, the core purpose of diversity jurisdiction in our constitutional system. See Bank of the U.S. v. Deveaux, 9 U.S. (5 Cranch) 61, 87 (1809) (noting that due to "apprehensions on this subject" the Federal Constitution "has established national tribunals for the decision of controversies between . . . citizens of different states"). Thus, the Court does not find that enforcing the forum-selection clause here would contravene Rhode Island's public policy.

\* \* \*

Plaintiffs may regret agreeing to a provision that surrenders a supposed "home-court advantage." See Amyndas Pharms., 48 F.4th at 36. But as an esteemed jurist of this Circuit has put it, that is not "sufficient reason for disregarding the plain text and manifest purpose of a valid forum-selection clause." Id. Because the clause controls this dispute, Plaintiffs cannot proceed in this Court, which does not sit within the state of New York.

**III. CONCLUSION**

For these reasons, the Court GRANTS Defendants' Motion to Dismiss, ECF No. 4, and DISMISSES this case without prejudice.


IT IS SO ORDERED.

*[signature]*

William E. Smith
Senior District Judge
Date: March 24, 2025